

FILED by _____ D.C.

AUG 1 3 2008

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**KATIA TRUJILLO, an individual**
        **Plaintiff(s),**

        v.

**08-22289-CIV-GRAHAM/TORRES**
Judge:
Case No.:

**EQUIFAX INFORMATION SERVICES, LLC.**
**EXPERIAN INFORMATION SOLUTIONS, INC.**
**TRANSUNION, LLC.**
**PORTFOLIO RECOVERY ASSOCIATES, LLC.**
**a Virginia Corporation doing business**
**in the State of Florida**

        **Defendant(s),**                                              /

# COMPLAINT

**COMES NOW,** the Plaintiff, **KATIA TRUJILLO,** (herein referred to as the Plaintiff), on their own behalf, through the undersigned attorneys, files this Complaint against, **EQUIFAX INFORMATION SERVICES, LLC.** (herein referred to **"EQUIFAX"**), **EXPERIAN INFORMATION SOLUTIONS, INC.** (herein referred to **"EXPERIAN"**), **TRANSUNION, LLC.** (herein referred to **"TRANSUNION"**) **PORTFOLIO RECOVERY ASSOCIATES, LLC.** (herein referred to as **"PORTFOLIO RECOVERY"** ), and states as follows:

### A. PRELIMINARY STATEMENT AND JURISDICTION

1.    This   is an   action   for   damages   brought    by   and   individual consumer against the defendants for violations of the Fair Credit Reporting Act (herein the "FCRA") 15 U. S. C. § 1681 as amended,

as applicable and the Fair Debt Collection Practices Act (herein "FDCPA"), 15 U. S. C. § 1692 et seq.

2.    Jurisdiction of this Court arises under 15 U. S. C. § 1681p and § 1692, 28  U. S. C. § 1331, 1337 and 28 U.S.C. § 1331 and/or pursuant to 15 U.S.C. § 1692k(d).  Supplementary jurisdiction rests upon 28 U.S.C. § 1367.

3. The Defendant **EQUIFAX** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida.  **EQUIFAX** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EQUIFAX** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

4. The Defendant **EXPERIAN** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida.  **EXPERIAN** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EXPERIAN** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for

the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

5. The Defendant **TRANSUNION** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **TRANSUNION** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).   **TRANSUNION** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. The Defendant **PORTFOLIO RECOVERY** is a Florida Corporation, is a business entity that regularly conducts business in the State of Florida, and, as such, is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in the FCRA, 15 U. S. C. §1681.

## B.  VENUE

7. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

   a. The violations of the FCRA/FDCPA alleged below occurred and/or were committed in **Miami Dade** County, Florida, in the Southern District of Florida;

Page 3 of 13

b.      At all times material hereto, Defendants were and continue to be citizens of the State of Florida.

8.      Plaintiff, **KATIA TRUJILLO** (hereinafter "**Plaintiff**"), is an individual residing in the County of **Miami Dade,** State of  Florida, and is a "consumer" as that term is defined by 15 U. S. C. § 1681 et seq., as amended and by 15 U.S.C. § 1692 et seq.

## C. FACTS COMMON TO ALL COUNTS

9.      On or about June 18, 2008, the Plaintiff mailed a dispute letter to **EQUIFAX**, **EXPERIAN,** and **TRANSUNION,** in which she asked her credit report be updated and stated that various accounts were being re-aged such as **PORTFOLIO RECOVERY** reference account #5416571688937884.

10.     **EQUIFAX, EXPERIAN & EXPERIAN** received the Plaintiff's disputes, but failed to conduct a reasonable investigation and make the corrections required by 15 U.S.C. §1681i.

11.  Upon information and belief, Defendant **PORTFOLIO RECOVERY** was contacted by at least one of the "credit reporting agencies" and said Defendant verified the trade line information was accurate.  As a direct result thereof, Defendant continued to negligently or willfully report inaccurate information on Plaintiff's credit reports.

12.  **EQUIFAX, EXPERIAN & TRANSUNION** responded to the Plaintiff's dispute letter and produced a new report which evidences that they failed to make the necessary corrections or failed to comply in creating an accurate credit report and file.

13.  **EQUIFAX, EXPERIAN & TRANSUNION** has the means and ability to compare the date of last activity reported by the initial creditor and the date reported by any future debt collector on the same account.  Even with the original creditors providing said information directly to **EQUIFAX, EXPERIAN & TRANSUNION,** they failed to properly maintain an accurate credit report by allowing subsequent furnishers to misreport and misrepresent the same information.

14.  **EQUIFAX, EXPERIAN & TRANSUNION** also obtained the trade line or account information from furnishers listed as Defendants in this cause of action. **EQUIFAX, EXPERIAN** & **TRANSUNION** have no internal procedures to check and compare the consistency of the data obtained from these two means.  In essence, there is no internal procedure to filter or compare the date of last activity reported by a creditor and that reported by the subsequent debt collector.

15.  **EQUIFAX, EXPERIAN & TRANSUNION** accepts and allows information from a debt collector to trump the information it obtains directly from that of the initial creditor.

16.  Plaintiff has been damaged as a direct and proximate cause of all of Defendants actions.

17.     Plaintiff has been damaged because misleading information and/or errors has impaired their ability to build their credit worthiness and to obtain new financial lending.

18.   As a direct result of said errors, Defendants have misinformed third parties as to the status of various accounts.  Defendants have reflected credit information which is incorrect, inaccurate, misleading, and/or false.

19.     When applying for lending, third parties, believe the accounts have just become delinquent, are still open and due, and, as a result, have either denied Plaintiff credit or conditioned the terms of new financing that said "open" and "outstanding" debts be paid in full.

20.     Additionally, the errors being reported have reduced Plaintiff's credit score in that there is **_duplicate_** and/or **_re-aged_** derogatory information.  First, there is a charge off reported by the original creditor, which appears on the credit report, with a specific date.  Also included, by the original creditor, is a date of last activity.  Second, there appears a pending collection on the same account, which is represented as just having been opened, a different date of last activity, and with a different current outstanding balance.

21.     The information provided by the original creditor and the debt collector contradict each other and, as a result, the newer date truncates all other information on a retail credit report when reviewed by a third party.

22.     All Defendants have a duty that the accounts in dispute in this case reflect the same date of last activity or the date of last payment.   In addition, all Defendants have a duty that said accounts should not be misleading, misrepresented, and/or re-aged.

23.     As a direct result of Defendants breach, actions, inactions, or the reporting duplicate and/or inaccurate information, Plaintiff's credit score has been ***artificially reduced***, thereby impacting their ability to obtain financing, causing mental, physical, emotional anguish and humiliation.

## D. CAUSES OF ACTION

### COUNT ONE
### FCRA Violations by
### EQUIFAX , EXPERIAN & TRANSUNION

24.   Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

25.     Defendants violated 15 U.S.C. §1681i(a) on multiple occasions by failing to delete or correct inaccurate information in the

Plaintiff's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by failing to conduct a reasonable investigation.

26.    As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

27. The conduct, action and inaction of Defendants was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

28.  The Plaintiff  is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment for compensatory, statutory and punitive damages against Defendants, for their attorneys fees and costs; for pre- judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

## COUNT TWO
## FAIR CREDIT REPORTING ACT VIOLATIONS
## BY PORTFOLIO RECOVERY
## 15 U.S.C § 1681s-(2)(b), et seq.

29.     Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

30.     At all times pertinent hereto, these Defendants were a "person" as that term is defined by 15 U. S. C. § 1681a(b).

31.     These Defendants violated § 1681n and  § 1681o of the FCRA by engaging in the following conduct that violates  15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendants  willfully and/or negligently violated these provisions of the FCRA in the following respects:

a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

f. By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account , and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

g. By willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U. S. C. § 1681s(2)(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against these Defendants for an award of actual damages; for an award of statutory damages; for an award of punitive damages; for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and for an order directing that the defendants immediately delete all of the inaccurate information from Plaintiffs credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information.

**COUNT THREE**
**VIOLATION OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C § 1692 et seq.**
**BY PORTFOLIO RECOVERY**

32.     Plaintiff incorporates paragraphs 1 through 23 as though fully stated herein.

33.     The foregoing acts and omissions of Defendant as further described within  this Complaint constitute violations of the FDCPA, including but not limited to each and every of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34.     Defendant's acts or omissions specifically violate 15 U.S.C. § 1692 E2, E8 and F1 in that they have misrepresented the age, nature, balance, or other information concerning the account to third parties.

35.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out- of-pocket expenses as well as other actual damages and is therefore entitled to  an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for:

- For an award of actual damages pursuant to 15. U.S.C. § 1692k(a)(1) against Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Defendant; and

- For such other and further relief as may be just and proper.

## E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated  and filed this 5th day of August of 2008.

Respectfully submitted,

Law Offices of
**GHAZAL& GOMEZ, P. A.**
**ATTN: MICHAEL GOMEZ, ESQ.**
Attorney for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Tel.  954.921.7676
Fax. 954.925.7816

File by: Samira Ghazal, ESQ.
FBN: 0864617

# 08-22289-CIV-GRAHAM/TORRES

JS 44
(Rev. 12/96)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the us of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

KATIA TRUJILLO

**DEFENDANTS**

EQUIFAX, EXPERIAN, TRANSUNION, PORTFOLIO Recovery

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-921-7676
Michael Somce
1930 Tyler St. Hollywood, FL 33020

ATTORNEYS (IF KNOWN)

FILED by _____ D.C.
AUG 13 2008
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. of FLA. - MIAMI

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

Miami 08cv22289 Gahm/Torres

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | A☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 555 Prison Condition | | | A OR B |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 · U.S.C.

FCRA

LENGTH OF TRIAL
via _____ days estimated (for both sides to try entire case)

DEMAND $

CHECK YES only if demanded in complaint:

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY

JUDGE _____  DOCKET NUMBER _____

DATE
8/12/08

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 985442  AMOUNT $350.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

08/14/08

14 of 14